IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | No. 7-433 |
| | : | |
| **DYSHA WRIGHT** | : | |
| Defendant. | : | |

# ORDER

This 9th day of June, 2016 upon consideration of Defendant's Pro Se Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, and the Government's Response to the Motion, in which it explains it is not opposed to the Motion, it is **ORDERED** that the Motion is **GRANTED**. Defendant's sentence is reduced to 113 months.[1]

    /s/ Gerald Austin McHugh
    Gerald Austin McHugh
    United States District Court Judge

---

[1] 18 U.S.C. 3582 "establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 [of the Sentencing Guidelines] before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817 (2010). Here, as the Government explains in its Response to Defendant's Pro Se Motion, the applicable guideline range that applies to Defendant is 113 to 116 months. Having considered facts relevant to the factors of 18 U.S.C. § 3553(a), including Defendant's explanation of his educational activities while incarcerated and the lack of any information suggesting Defendant poses a danger to the community, I conclude that the reduction of sentence here is appropriate.